E-FILED
Friday, 25 January, 2019 05:22:06 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| RICHARD M. OTTO,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT 2:19-cv-02018<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Richard M. Otto ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Dynamic Recovery Solutions, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois, Plaintiff resides in the Central District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a limited liability company located at 135 Interstate Blvd., Suite 6, Greenville, South Carolina 29615. Defendant is a debt collector engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around the middle of January 2019, Plaintiff received a collection letter from Defendant, dated January 7, 2019, which was an attempt to collect on a medical debt, in the amount of $209.40 ("subject debt"), incurred in 2013, for which Defendant acquired the right to collect.

7. Although the subject debt was over four years old and outside the statute of limitations, Defendant's letter made no mention of the fact that it could no longer sue Plaintiff on the subject debt.

8. Immediately after receiving this letter, Plaintiff called Defendant and attempted to ascertain why he owed the debt. Plaintiff was told that it was a hospital bill incurred at Dallas Emergency Physicians from when he had heart problems in 2013.

9. Plaintiff was perplexed as to why Defendant is now trying to collect on the subject debt. Plaintiff explained to Defendant's representative that the subject debt is over four years old and that Defendant may not collect on it due to Texas's Statute of Limitations.[1]

[1] Pursuant to Tex. Civ. Prac. & Rem. Code § 16.004(a)(3),(a)(4), the statute of limitations for contracts is 4 years.

10. Subsequently, Defendant's representative insisted to Plaintiff that they could still collect on the subject debt, however, Defendant's representative did not mention that they could no longer sue on the debt.

11. In addition, Defendant sent Plaintiff another misleading letter in the mail. This letter, dated January 16, 2019, again failed to mention that Plaintiff could no longer be sued on the subject debt.

12. Furthermore, Defendant's letter is misleading because it offers Plaintiff a "reduced" balance on the subject debt into order to mislead Plaintiff into payment in order to renew the Statute of Limitations for collecting on the subject debt. Defendant's letter does not properly explain to Plaintiff his rights with regard to the subject debt.

13. Defendant's deceptive and misleading conduct was intended to scare Plaintiff into making a payment on the subject debt.

## DAMAGES

14. Defendant's false, deceptive, and misleading conduct has severely disrupted Plaintiff's daily life and general well-being.

15. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, embarrassment, anger, shame, stress, wasting Plaintiff's time, emotional distress, mental anguish, anxiety, and loss of concentration.

16. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff restates and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

19. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

20. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

22. Defendant used the telephone and mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

24. Defendant violated 15 U.S.C. §§1692e, e(2), and f through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

25. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to the collection of the subject debt. Defendant sent Plaintiff two misleading letters in the mail offering Plaintiff a reduced amount on the subject debt with the intent of renewing the Statute of Limitations in order to collect on the subject debt. Moreover, both of these letters failed to contain any notice that the statute of limitations on the debt had expired.

26. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the legal status of the subject debt. Although, the Statute of Limitations to collect on the subject debt passed, Defendant falsely represented to Plaintiff that it is allowed to collect on the subject debt.

Defendant's statement was false and it attempted to mislead Plaintiff into make the payment on the subject debt in order to change the legal status on the subject debt. Additionally, Defendant's failure to include any language, in either of their letters, notifying Plaintiff the debt was out of statute is deceptive and misleading.

**b. Violations of FDCPA § 1692f**

27. Defendant violated §1692f by using unfair and unconscionable means to attempt to collect on the subject debt. Specifically, Defendant's conduct was unfair because it attempted to mislead Plaintiff in believing that he was obligated to satisfy the subject debt.

28. Specifically, Defendant's two letters to Plaintiff failed to contain any language notifying Plaintiff he could no longer be sued on the subject debt. Furthermore, these letters offered Plaintiff a reduced balance on the subject debt in order to coerce Plaintiff into making a payment which would renew the Statute of Limitations on collecting on the subject debt.

29. In addition, Defendant communicated to Plaintiff that it is allowed to attempt to collect on the subject debt even though the Statute of Limitations to collect on the subject debt expired.

**WHEREFORE**, Plaintiff RICHARD M. OTTO respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

30. Plaintiff restates and reallages paragraphs 1 through 29 as through fully set forth herein.

31. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

32. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

33. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

34. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the subject debt from Plaintiff.

**a. Unfairness and Deception**

35. It was unfair and deceptive for Defendant to seek to collect the subject debt from the Plaintiff without notifying Plaintiff that the debt was outside the statute of limitations.

36. It was unfair and deceptive for Defendant to communicate to Plaintiff that it could still collect on the subject debt.

37. It was unfair and deceptive for Defendant to attempt to coerce Plaintiff into making a payment, thereby renewing the statute of limitations.

38. Upon information and belief, Defendant systematically intentionally misleads consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

39. Upon information and belief, misleading consumers in Illinois is an unfair business practice willfully employed by Defendant and is done on a large scale.

40. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

41. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

42. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally.

**WHEREFORE**, Plaintiff RICHARD M. OTTO requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 25, 2019

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com